IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ANGELA GIPSON,

    Plaintiff,

vs.                                                      No. 17-2086-JDT-dkv

JOSEPH OZMENT and
MICHAEL SCHOLL,

    Defendants.

---

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

    On February 8, 2017, the plaintiff, Angela Gipson ("Gipson"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by an application seeking leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.)  On February 13, 2017, the court issued an order granting Gipson's application for leave to proceed *in forma pauperis*. (ECF No. 6.)  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  (Admin. Order 2013-05, Apr. 29, 2013.)  For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

                                I.   PROPOSED FINDINGS OF FACT

    Gipson filed her complaint on a court-supplied form "Complaint for Violation of Civil Rights under 42 U.S.C. § 1983" against Joseph

Ozment and Michael Scholl, attorneys at law.  (Comp., ECF No. 1.)

In her complaint, Gipson states that:

> Attonery [sic] Michael Scholl, Joseph Ozment has failed to represent my intrest [sic] and ledgal [sic] matters. That in which he was payed [sic] for.  Mr. Scholl and Mr. Ozment has violated the civil rights of my son, Anthony Sutton in his case and I.D. and his freedom. 14 Amend, 11 Amend, 8 Amend, 6 Amend.

(*Id.* at ¶ IV.)

For relief, Gipson asks "That justice be served, it is so prayed; and that my funds be Returned! Quote." (*Id.* at ¶ V.)  In her application to proceed *in forma pauperis,* she lists Anthony Sutton as her son, age 31.  (ECF No. 2.)

II.   PROPOSED CONCLUSIONS OF LAW

A.   28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2).  The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

> (i)      is frivolous or malicious;
>
> (ii)     fails to state a claim on which relief may be granted; or
>
> (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Because Gipson has been granted leave to proceed *in forma pauperis*, this report and recommendation will constitute the court's screening as to her claims against the defendants.

B.   Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied.  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original).  "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

4

C.   Standing

As an initial matter, the court must determine whether Gipson has standing to bring this case on behalf of her son. Lack of standing implicates the case-or-controversy requirement of Article III, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), and, therefore, is a threshold issue in every federal case. *Midwest Media Prop. L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469-70 (6th Cir. 2007). Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. 28 U.S.C. § 1654. That statute provides that, "[i]n all courts of the United States, the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). Federal courts have long held that § 1654 preserves a party's right to proceed *pro se*, but only on his own claims. *Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2003)("[T]hat statute does not permit plaintiffs to appears *pro se* where interests other than their own are at stake"); *Iannoccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)("[B]ecause *pro se* mean to appear for one's self, a person may not appear on another person's behalf in the other's cause."). No *pro se* plaintiff may sign pleadings on behalf of another plaintiff. *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear *pro se* on his own behalf, '[h]e has no authority to appear as an attorney for others

5

than himself.'").

"Similarly, parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *Shepherd*, 313 F.3d at 970; *Johns,* 114 F.3d at 877 ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer"); *see also Cochran v. Nelson*, No. 93-3521, 1994 WL 28648, at *3 (6th Cir. Feb. 1, 1994)("Because Virgil Cochran is not an attorney, he may not represent his son in federal court."). Only a licensed attorney may represent other persons. The Sixth Circuit considers this issue one of lack of standing. *Oliver v. Pogats*, No. 91-1717, 1992 WL 76951, at *1 (6th Cir. Apr. 13, 1992). "The plaintiff must be the proper proponent of the rights on which the action is based." *Cochran*, 1994 WL 28648, at * 3(citing *Haskell v. Washington Township,* 864 F.2d 1266, 1275-76 (6th Cir. 1988)).

Here, Gipson is attempting to bring a claim on behalf of her son. She does not claim to be an attorney. As a non-attorney, she may appear *pro se* on her own behalf, but she cannot appear as an attorney for her son. In addition, her son is not a minor: Gipson states in her affidavit under penalty of perjury in support of her application to proceed *in forma pauperis* that her son is 31 years old. (ECF No. 2.) Thus, Gipson lacks standing to bring this lawsuit, and it is therefore recommended that this complaint be dismissed for failure to state a claim.

6

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint against the defendants be dismissed *sua sponte* for failure to state a claim pursuant to Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(ii) on which relief may be granted.

Respectfully submitted this 14th day of February, 2017.

s/ Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.